SHAW, Justice
(concurring in part and concurring in the result).
I concur fully in the main opinion, except as to the portion discussing the claim against the City of Midfield seeking damages for the alleged “negligence, carelessness and unskillfulness” of various fictitiously named defendants. As to that issue, I concur in the result.
In their motion for a summary judgment, the Midfield defendants did not argue that immunity barred this claim. Instead, they alleged (1) that Alabama law did not recognize an action against a municipality for negligent hiring, supervising, or training; (2) that liability under Ala. Code 1975, § 11^7-190, could be based only on a theory of respondeat superior; and (3) that the plaintiffs could not present *1170 evidence in support of their claim. Because the motion for a summary judgment as to this claim was not grounded on a claim of immunity, its denial is not reviewable by a petition for a writ of mandamus. See Ex parte City of Montgomery, 99 So.3d 282, 296-97 (Ala.2012) (refusing, on petition for a writ of mandamus, to review the denial of a portion of a summary-judgment motion that was not grounded on a claim of immunity). Thus, the issue whether this claim is barred by State-agent immunity or Ala.Code 1975, § 6-5-338, must await another day.